# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Warren Easterling, r**

    *Plaintiff,*

v.                                                        **Case No. 3:16-cv-340**
                                                                  **Judge Thomas M. Rose**

**Cassano's Inc.,** *et al.*,

    *Defendants.*

---

**ENTRY AND ORDER ADOPTING IN PART AND OVERRULING IN PART REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE MICHAEL J. NEWMAN (ECF 19), OVERRULING PLAINTIFF'S OBJECTIONS (ECF 20), GRANTING DEFENDANTS' OBJECTIONS (ECF 21), GRANTING DEFENDANTS' MOTION TO DISMISS (ECF 12 ) AND TERMINATING CASE.**

---

This case is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (ECF 12), Report and Recommendations of February 1, 2017 (ECF 19) and Objections to the Report and Recommendations by all parties. (ECF 20 & 21).

**I.     Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may present by motion a defense that a particular claim for relief fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing *Twombley*, 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." Id. at 1954. "And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." Id. In the end, determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

The Court is required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to make a *de novo* review of the record when reviewing a dispositive motion.

## II. Background

On January 28, 2015, *pro se* Plaintiff Warren Easterling filed a complaint in *Easterling v. Cassano's*, 3:15-cv-032 (S.D. Ohio)(Rose, J), that stated one compound claim against defendants that are also named in this case, Cassano's Inc., Ron Moon and Kiella Yarber:

> VIOLATION TITLE 42 U.S.C. 1985 - DEPRIVING, BY CONSPIRACY OR NOT, CITIZENS OF RIGHTS OR PRIVILEGES GRANTED TO ALL CITIZENS BY WAY OF A WRONGFUL TERMINATION AND A CONSTRUCTIVE TERMINATION.
>
> VIOLATION OF TITLE 42 U.S.C 1985 - DEPRIVING BY CONSPIRACY RIGHTS GRANTED TO ALL CITIZENS TRIGGERED BY THE VIOLATION OF 4112.02 OF THE OHIO REVISED CODE (UNLAWFUL DISCRIMINATION).

3:15-cv-032, Complaint at 5. Defendants' Motion to Dismiss, (3:15-cv-32, ECF 9), was granted, the case dismissed, and multiple motions for relief from judgment (3:15-cv-32, Docs., 19, 22, 27 and 29) were filed and denied.

In Plaintiff's current action, filed August 11, 2016, Easterling names as Defendants Cassano's, their District Manager Ron Moon, Shift Manager Kiella Yarber, and Store Manager Brad Williams now alleging racial discrimination under Title VII, this time under 42 U.S.C. § 2000e-2. Easterling also adds an allegation that Defendants denied him one or more promotions on account of his race. Id. at PageID 5.

Easterling, an African-American male, was employed at Cassano's West Third Street location in Dayton for approximately six months from June 13, 2014 until his termination on January 25, 2015. ECF. 1 at PageID 4. Moon allegedly fired Easterling when he arrived for his shift on January 25, 2015. Id. at PageID 4. Moon and Yarber informed Easterling that his termination was the result of him calling Yarber a racist. Id. Easterling denies having ever called Yarber a racist, and alleges that he was terminated from his employment solely because of his race. Id. at PageID 4, 6. This incident resulted in police being called to escort Plaintiff from Cassano's premises and the entry of a Notice of Criminal Trespass. (See 3:15-cv-032, ECF. 1, PageID 10).

Defendants filed a motion to dismiss based on *res judicata*. (ECF 12).

**III. Analysis**

"*Res judicata* is often analyzed…to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.'" *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). As early as 1997 the Sixth Circuit bemoaned adhesion to Supreme Court teachings on this topic from the 1980s:

3

[I]t might be useful, in view of the perennial confusion over the vocabulary and concepts of the law of preclusion, to restate the following exposition:

> The Supreme Court has noted:
>
>> [t]he preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "*res judicata*." *Res judicata* is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.
>
> *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984) (citations omitted). Some commentators and court decisions have used the term "*res judicata*" as being "virtually synonymous with 'claim preclusion.'" Ibid.
>
> In the proceedings attendant to these appeals, the parties and the district court appear to have adopted the position that "*res judicata*" is synonymous with "claim preclusion" and "collateral estoppel" is synonymous with "issue preclusion." At this stage of the litigation, we will not disturb this usage although we will, during the course of our discussion of the legal issues, use the terms "claim preclusion" and "issue preclusion." We also express our hope that future litigants, in the interests of precision and clarity, will formulate arguments which refer solely to issue or claim preclusion and which refrain from using the predecessors of those terms, whose meanings have become so convoluted.

> *Barnes v. McDowell*, 848 F.2d 725, 728 n. 5 (6th Cir. 1988).
>
>> The hope we expressed in *Barnes* was not realized in the arguments of the present parties, nor in the decision of the district court. We can only express the hope again.
>
> *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tennessee*, 126 F.3d 849, 852 (6th Cir. 1997).

The confusion persists even in the Sixth Circuit, which has more recently informed, "The doctrine of *res judicata* prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which could have been litigated in a prior action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009). The branch of *res judicata* relevant in this case is claim preclusion.

"Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised in that action*." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)(brackets and internal quotation marks omitted)(emphasis added). Claim preclusion applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated *or which should have been litigated in the first action*; and (4) there is an identity of claims between the first and second actions. *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)(emphasis added).

With this in mind, the Court observes that the Magistrate correctly analyzes Plaintiff's termination claim in its entirety and Plaintiff's discrimination claim up to the last step of the analysis, applying a test from the wrong branch of the *res judicata*:

> First, contrary to Easterling's assertion, the dismissal of his previous federal case for failure to state a claim constitutes a valid decision on the merits. See *Wilkins v. Jakeway*, 183 F.3d 528,

5

532-33 (6th Cir. 2003) (finding that a dismissal for failure to state a claim is a dismissal on the merits); see also Fed. R. Civ. P. 41(b) (stating that, unless otherwise stated by the court in the dismissal order, "a dismissal under [Rule 41(b)] and any dismissal not under [Rule 41] . . . operates as an adjudication on the merits").

Second, with regard to "privity," the Court notes that Cassano's, Moon, and Yarber were all parties to the previous lawsuit and, thus, no question of privity exists as to them. See *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015). While Williams was not named in the first action, his addition as a Defendant in this case—insofar as he is added with regard to Easterling's claims based upon his termination—does not preclude application of *res judicata* because, as an employee of Cassano's, he is in privity with Cassano's, Moon and Yarber. Cf. *Jackson v. Pline*, No. 92-1172, 1992 WL 203760, at * 1 (6th Cir. Aug. 20, 1992); *LG Sciences, LLC. V. Putz*, 511 F. App'x 516, 518 (6th Cir. 2013) (finding that a federal government employee was in privity with their federal government employer); *Perry v. Croucher*, No. 97-3033, 1998 WL 661151, at *6 n.13 (6th Cir. Aug. 31, 1998) (finding privity satisfied between co-workers); *McCoy v. State of Mich.*, No. 08-1641, 2008 U.S. App. LEXIS 28032, at *3–4 (6th Cir. Nov. 18, 2008) (noting the existence of privity between an employer and its employees for purposes of *res judicata*).

Finally, the third and fourth elements required to apply the doctrine of *res judicata* exist with regard to Easterling's discrimination claims arising from his termination. Easterling's factual averments in this regard repeat the same factual allegations as his first complaint almost verbatim. See ECF 1 at PageID 4, 6-7; see also *Easterling*, No. 3:15-cv-32 (S.D. Ohio Jan. 28, 2015), ECF No. 1. Therefore, Easterling's discrimination claims related to his termination arise out of the exact same transaction and either were, or should have been, asserted in the previous lawsuit. See *Wheeler*, 807 F.3d at 766. Accordingly, such claims should be dismissed as barred by *res judicata*.

As noted above, however, Easterling now asserts a discrimination claim based upon an alleged failure to promote him in 2014. See ECF 1 at PageID 5. Such claim, and the facts underlying it, were not asserted in Easterling's previous case. See *Easterling*, No. 3:15-cv-32 (S.D. Ohio Jan. 28, 2015), ECF No. 1.

(ECF 16).

Easterling could and should have brought his discrimination claim in the prior action, however. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (emphasis added). That seven months transpired between what Easterling describes as a failure to promote him and his termination does not mean that Easterling could not or should not have asserted these two claims in one action. See *Smith v. CNA Fin. Corp.*, No. 10 C 4505, 2011 WL 1557871, at *5 (N.D. Ill. Apr. 25, 2011)("[T]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations…Smith's…claims stem from the same set of operative facts—CNA's decision not to promote Smith and then to terminate her six months later." (internal citations omitted)). This Court sees failure to promote and termination claims combined on a regular basis.

The purpose of claim preclusion "is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.1981). The purpose of the doctrine is well-served here.

**IV.    Conclusion**

Because Plaintiff could have brought his failure to promote claim in a previous action, Defendant's Objection to the Report and Recommendation, (ECF 21), is **GRANTED**. Having made a *de novo* review of the record in this case, as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), and taking into consideration Plaintiff's objections, Report and Recommendations of February 1, 2017, (ECF 19), is **ADOPTED** in so far as it recommends denying Plaintiffs Objections to the Report and Recommendations, (ECF 20), the Report and

7

Recommendation is **REJECTED** in so far as it recommends denying Defendants' objections. Plaintiffs Objection to the Report and Recommendation, (ECF 20), is **OVERRULED**.

Defendant's Motion to Dismiss for Failure to State a Claim, (ECF 12), is **GRANTED**. The Clerk is **ORDERED** to **TERMINATE** the instant case from the dockets of the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Monday, May 1, 2017.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE