UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Plaintiff,                           Case No. 3:16-cv-340

vs.

CASSANOS, INC., *et al*.                District Judge Thomas M. Rose
                                          Magistrate Judge Michael J. Newman

    Defendants.
_____

**REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DOC. 26) BE DENIED**

\*\*\*\*\*

**ORDER DIRECTING THE CLERK TO SERVE THIS REPORT AND RECOMMENDATION BY FIRST CLASS UNITED STATES MAIL**
_____

        This civil case -- in which *pro se* Plaintiff Warren Easterling ("Easterling") alleged claims of employment discrimination -- is before the Court on Easterling's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Doc. 26. Previously, Judge Rose dismissed Easterling's complaint on the basis that his claims were barred by *res judicata*. Doc. 23. In his motion, Easterling argues that relief from judgment should be granted for two reasons: (1) Defendants never argued or demonstrated that his termination was lawful; and (2) the Court improperly converted Defendants' motion to dismiss into a motion for summary judgment. Doc. 26.

        Easterling's arguments are without merit. "Relief from a final judgment under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'" *McAlpin v. Lexington 76 Auto Truck Stop, Inc*., 229 F.3d 491, 502-03 (6th Cir. 2000) (citation omitted). A motion for such relief from judgment may only be granted for one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Easterling's arguments in support of relief under Rule 60(b) do not fall within any of these enumerated reasons.

Nevertheless, the undersigned addresses the merits of Easterling's contentions. First, insofar as Easterling contends that Defendants failed to prove that his termination was lawful, such issue did not need to be addressed by either Defendants or the Court because Easterling's claims were barred by *res judicata*. Doc. 23; *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (stating that, under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action").

Second, contrary to Easterling's contention, Defendants' motion to dismiss was never converted into a motion for summary judgment. *See id*. As required by Rule 12(b)(6), the Court decided Defendants' motion to dismiss based only upon consideration of Easterling's allegations -- construed favorably to him -- and upon information set forth in the public record, *i.e.*, the Court's docket in Case No. 3:15-cv-32 -- which was also dismissed for failure to state a claim under Rule 12(b)(6). *See Easterling v. Cassano's Inc.*, No. 3:15-CV-032, 2015 WL 1396462, at *1-5 (S.D. Ohio Mar. 25, 2015).

Based upon the foregoing, it is **RECOMMENDED** that Plaintiff's motion (doc. 26) be **DENIED**, and that this case remain **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to serve this Report and Recommendation on *pro se* Plaintiff by First Class United States mail at his address of record.

Date:   July 27, 2017                             s/ Michael J. Newman
                                                  Michael J. Newman
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).